## Rufus Willis *vs.* Pliny B. Howard & others.

The condition of a recognizance entered into by a debtor who has been arrested on an execution, under Gen. Sts. *c.* 124, § 17, is fulfilled, if the debtor appears and submits himself to examination at the time and place fixed for that purpose, and is discharged and allowed to go at large by the magistrate without taking the oath; although the magistrate may have erred in the performance of his duty.

Contract on a recognizance taken under Gen. Sts. *c.* 124, § 17, dated November 24, 1862, and reciting that the defendant Howard, having been arrested on a writ in favor of the plaintiff, and having given a bail bond for his appearance at court, and having been surrendered by his bail, was brought before the justice of the police court of Taunton, and desired to have a time fixed for taking the oath for the relief of poor debtors, and that a time and place were appointed therefor; with condition that Howard should appear at the time and place named, and submit himself to examination, and not depart without leave of the magistrate, making no default, and abide the final order of the magistrate thereon.

The declaration alleged that the facts set forth in the recognizance were true; that the plaintiff appeared at the time and place fixed, and examined Howard, and filed charges of fraud against him, under Gen. Sts. *c.* 124, § 31; and that after a full hearing upon these charges the magistrate adjudged Howard to be not guilty, and further adjudged that the making of charges of fraud superseded the necessity of administering the oath, and refused to administer it, and discharged Howard from imprisonment and allowed him to go without day, subject to the judgment upon the charges of fraud being reversed on appeal.

The defendants filed a general demurrer, which was sustained in the superior court, and judgment entered for the defendants; and the plaintiff appealed to this court.

*H. J. Fuller*, for the plaintiff.

*C. A. Reed*, (*J. Brown* with him,) for the defendants.

MERRICK, J. The declaration shows no breach of the condition of the recognizance. On the contrary, it appears from the facts alleged therein that the said P. B. Howard, the debtor, appeared and submitted himself to examination at the time and place fixed for that purpose, and there remained until his examination was concluded; that he made no default, and did not depart without leave, but did abide the final order of the magistrate, by which he was discharged from imprisonment and allowed to go so discharged without day. This was sufficient; and having fully performed all that was required of him, they exonerated him and his sureties from all further responsibility under the recognizance into which they had entered. *Jacot* v. *Wyatt*, 10 Gray, 236. *Doane* v. *Bartlett*, 4 Allen, 76. *Skinner* v. *Frost*, 6 Allen, 285. It is unnecessary to consider whether the recognizance was in all particulars correct, or whether the final adjudication of the magistrate was in accordance with a just construction of the provisions of the statute. If the debtor did his duty and conformed to the requirements of the obligation into which he entered, he is not to be held responsible for errors which others may have committed. *Demurrer sustained.*